# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

THOMAS JOHNSON,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        1:25CV232
                                         )
SN SERVICING CORPORATION and             )
U.S. BANK TRUST NATIONAL                 )
ASSOCIATION, as trustee for              )
LB-RANCH SERIES V TRUST,                 )
                                         )
                Defendants.              )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' Motion to Exclude Plaintiff's Expert, or, Alternatively, Motion to Reopen Discovery and Extend Defendants' Expert Disclosure Deadline (Docket Entry 53 ("Exclusion Motion")). (See Docket Entry dated Feb. 19, 2026 (referring Exclusion Motion).) For the reasons that follow, the Court will deny the Exclusion Motion.

## INTRODUCTION

As the Court (per Chief United States District Judge Catherine C. Eagles) has summarized, in this case, Plaintiff has "allege[d] that[,] after he and [D]efendants settled an earlier lawsuit [over a mortgage loan], [D]efendants immediately breached that settlement agreement, imposing fees and costs that they explicitly waived in the settlement agreement." (Docket Entry 34 at 1.) Following Defendants' removal of this case from state court (see Docket Entry 1), the Court (per Chief Judge Eagles) resolved

disputes about Plaintiff's pleadings (see, e.g., Docket Entries 34, 39) and the parties filed their now-operative pleadings (see Docket Entries 40, 41). The Court (per the undersigned Magistrate Judge) thereafter "adopt[ed ] Defendants' Rule 26(f) Report with [certain] modifications/clarifications" (Text Order dated Sept. 29, 2025), including that "the parties shall complete all discovery by 03/02/2026" (id.), "Plaintiff shall serve any expert disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and (C) by 12/15/2025" (id.), and "Defendants shall serve any expert disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and (C) by 01/29/2026" (id.). In reliance on that scheduling order, the Clerk set this case for trial on October 5, 2026. (See Docket Entry 48.) Plaintiff subsequently sought (with Defendants' consent) extensions of the parties' expert disclosure deadlines. (See Docket Entry 49.) The Court (per the undersigned Magistrate Judge) "grant[ed] in part [that m]otion" (Text Order dated Dec. 15, 2025 ("Scheduling Order Amendment")), by extending those deadlines to January 6, 2026, and February 20, 2026, respectively (see id.).

On January 6, 2026, Plaintiff served Defendants with (and filed) an "Expert Witness Disclosure" (Docket Entry 50 at 1; see also id. at 3 ("certify[ing] . . . serv[ice]" on that date); Notice of Elec. Filing, Docket Entry 50 (documenting filing "on 1/6/2026")), "designat[ing] the following expert witness: Bryan Wilder" (Docket Entry 50 at 1). According to the Expert Witness

Disclosure, Wilder "appraised the subject property . . . on November 3, 2023" (id.; see also id. at 2 (confirming attachment of "Wilder's curriculum vitae," reporting that he "has not authored any publications in the previous 10 years" and "has not testified as an expert at trial or by deposition in the previous 4 years," and disclosing his "compensation")). "That appraisal is attached [to the Expert Witness Disclosure] as Exhibit A." (Id. at 1 (referring to Docket Entry 50-1 ("November 2023 Appraisal")).) Per its plain language, "[t]he purpose of th[e November 2023 A]ppraisal is to form an [o]pinion of [m]arket [v]alue for the subject property, as defined on page 4 [of the November 2023 Appraisal], with the definition originating from the Comptroller of the Currency." (Docket Entry 50-1 at 4; see also id. at 2-3 (providing basis and reasons, as well as facts and data considered, for "opinion of the market value, as defined, of [subject] property" of "$1,120,000, as of 11/03/2023"), 7-9 (documenting Wilder's signature as author of November 2023 Appraisal, along with additional facts and data considered), 10-24 (attaching supporting exhibits).) The Expert Witness Disclosure, however, also states that "Wilder will update the [November 2023 A]ppraisal in approximately August 202[6[1]] to reflect the value of the [subject] property closer to trial." (Docket Entry 50 at 1.)

---

1 As Defendants have noted, "[t]he [Expert Witness D]isclosure mistakenly says 'August 2025' when it should say 'August 2026.'" (Docket Entry 57 at 1 (period moved inside quotation mark).)

Just over three weeks after service of the Expert Witness Disclosure, Defendants filed the Exclusion Motion (see Notice of Elec. Filing, Docket Entry 53 (documenting filing of Docket Entry 53 "on 1/28/2026")), asking "the Court for an order excluding the expert opinions of . . . Wilder[] from use at summary judgment or trial, and for [Defendants'] reasonable attorneys' fees in connection with th[e Exclusion M]otion" (Docket Entry 53 at 1; see also id. at 3 ("Alternatively, should Mr. Wilder be permitted to provide a supplemental report in or about August, 2026, Defendants request that (1) the discovery period be opened for thirty (30) days so they can depose him (or re-depose him based on his new report, if applicable) and (2) that their expert disclosure deadline be extended by thirty (30) days so that they can provide a meaningful rebuttal.")). On February 9, 2026, Defendants "served [a] subpoena [on Wilder] by delivering a copy to [him via Plaintiff's counsel] . . . ." (Docket Entry 56-1 at 2.) That subpoena commanded Wilder to appear for a deposition on February 19, 2026 (see id. at 1), at which he must produce an attached list of documents (see id.; see also id. at 4-5 (listing 17 categories of demanded documents)). Plaintiff responded in opposition to the Exclusion Motion (see Docket Entry 56 ("Response")) and Defendants replied (see Docket Entry 57 ("Reply")).

4

<u>DISCUSSION</u>

With the Exclusion Motion and "[p]ursuant to the Court's Scheduling Order[ Amendment, as well as] Rules 16(f)(1), 26(a)(2), and 37(c) of the Federal Rules of Civil Procedure, Defendants . . . [have] move[d] the Court for an order excluding [Wilder's] expert opinions" (Docket Entry 53 at 1),[2] on the ground that Plaintiff "failed to timely provide an expert report [from Wilder] pursuant to the Court's . . . Scheduling Order [Amendment] or Rule 26(a)(2)" (<u>id.</u>; <u>see also</u> <u>id.</u> (describing "delay [a]s neither substantially justified [n]or harmless, warranting exclusion under Rule 37(c)(1)")).  The Exclusion Motion elaborates as follows:

> Mr. Wilder is a residential appraiser retained by Plaintiff to provide an appraisal of the home he sold to demonstrate that Plaintiff sold his house for less than he would have absent this dispute.  As demonstrated by [the] January 6, 2026 [E]xpert [Witness D]isclosure, Mr. Wilder provided a previous appraisal of the house in November of 2023 and intends to 'update the [November 2023 A]ppraisal in approximately August 202[6] to reflect the value of the property closer to trial.'  As the November 2023 [A]ppraisal is not at dispute in this case, the entire basis of Mr. Wilder's opinion's will come from a report to be produced ***seven months after the disclosure deadline and two months or less before trial***.  Defendants can therefore conduct no meaningful deposition of Mr. Wilder before the March 2, 2026 discovery deadline, nor can Defendants meaningfully designate a rebuttal expert and provide a rebuttal report prior to their February 20, 2026 disclosure deadline because there is no opinion to rebut.  Plaintiff's untimely report is accordingly neither substantially justified nor harmless, and Mr. Wilder should be excluded as an expert.

_____

2 Unless otherwise noted, references hereinafter to "Rule ___" refer to the Federal Rules of Civil Procedure.

5

(Id. at 1-2 (internal citation omitted) (emphasis in original) (quoting Docket Entry 50 at 1); see also id. at 2 ("If Mr. Wilder is excluded, Defendants are entitled to their reasonable attorneys' fees pursuant to Rule 16(f) – which governs failure to comply with a scheduling order – and/or [Rule] 37(c)(1) – which governs failure to comply with Rule 26(a)'s disclosure requirements.").)

The Federal Rules of Civil Procedure mandate that "a party must disclose to the other parties the identity of any witness [the party] may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A); see also Fed. R. Evid. 702 (addressing expert witness testimony); Fed. R. Evid. 703 (addressing bases of expert opinion testimony); Fed. R. Evid. 705 (addressing testimony about facts or data underlying expert opinions). Absent circumstances not applicable here,[3]

> this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . . The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;

---

3 The written report requirement for disclosures regarding retained experts attaches "[u]nless otherwise stipulated or ordered by the court," Fed. R. Civ. P. 26(a)(2)(B), and Plaintiff has not claimed exemption from that requirement on either of those bases (see Docket Entry 56 at 1-13).

> (iv) the witness's qualifications, including a list
> of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the
> previous 4 years, the witness testified as an expert at
> trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for
> the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

"A party must make these disclosures at the times and in the sequence that the [C]ourt orders." Fed. R. Civ. P. 26(a)(2)(D); see also Fed. R. Civ. P. 16(b)(3)(B)(i) (authorizing courts to set "timing of disclosures under Rule[] 26(a)" in scheduling order); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Additionally:

> A party who has made a disclosure under Rule 26(a) . . .
> must supplement or correct its disclosure . . .
>
> (A) in a timely manner if the party learns that in
> some material respect the disclosure . . . is incomplete
> or incorrect, and if the additional or corrective
> information has not otherwise been made known to the
> other parties during the discovery process or in writing;
> or
>
> (B) as ordered by the [C]ourt.

Fed. R. Civ. P. 26(e)(1); see also Fed. R. Civ. P. 26(e)(2) (providing that "[a]ny additions or changes to th[e] information [in a retained expert's report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due").[4]

---

4 In adopting the schedule for this case, the Court did not set a specific deadline for correction of expert reports (see Text
(continued...)

Case 1:25-cv-00232-CCE-LPA   Document 63   Filed 04/24/26   Page 7 of 22

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). "The exclusion of evidence under Rule 37(c)(1) for failure to make a disclosure required by Rule 26(a) [or (e)] is 'self-executing' and 'automatic.'" Caraustar Indus., Inc. v. North Ga. Converting, Inc., No. 3:04CV187, 2006 WL 3751453, at *8 (W.D.N.C. Dec. 19, 2006) (unpublished) (quoting Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment), appeal dismissed, 219 F. App'x 997 (Fed. Cir. 2007); accord, e.g., Doe v. Coastal Carolina Univ., No. 4:18CV268, 2021 WL 1654747, at *5 (D.S.C. Mar. 5, 2021) (unpublished); Goodwin v. Cockrell, No. 4:13CV199, 2015 WL 575861, at *5 (E.D.N.C. Feb. 11, 2015) (unpublished). In other words, "Rule 37(c)(1) . . . requires witness and information exclusion for an untimely disclosure, unless the violation is substantially justified or harmless." Nelson-Salabes, Inc. v. Morningside Dev.,

---

4(...continued)
Order dated Sept. 29, 2025; see also Docket Entry 42 at 3 ("Supplementations under Fed. R. Civ. P. 26(e) are due as soon as practicable.")), but the trial notice decrees that "pretrial disclosures [under Rule 26(a)(3)] must be made no later than September 4, 2026" (Docket Entry 48 at 1 (emphasis omitted)). Accordingly, the above-quoted rule provisions required Plaintiff to correct the Expert Witness Disclosure "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A), and (at a minimum) "no later than September 4, 2026" (Docket Entry 48 at 1 (emphasis omitted)).

8

LLC, 284 F.3d 505, 512 n.10 (4th Cir. 2002); <u>see also</u> <u>Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.</u>, 318 F.3d 592, 595 n.2 (4th Cir. 2003) ("The Rule 37(c) advisory committee notes emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." (internal quotation marks omitted)).

"The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." <u>Bresler v. Wilmington Tr. Co.</u>, 855 F.3d 178, 190 (4th Cir. 2017). To assist district courts in assessing whether a party has carried that burden, the United States Court of Appeals for the Fourth Circuit has directed that,

> in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

<u>Southern States</u>, 318 F.3d at 597; <u>see also</u> <u>Wilkins v. Montgomery</u>, 751 F.3d 214, 222 (4th Cir. 2014) ("The burden of establishing these factors lies with the nondisclosing party . . . .").[5]

---

5 "The first four factors listed above relate primarily to the harmlessness exception, while the last factor, addressing the
(continued...)

Here, because the Expert Witness Disclosure (as served by Plaintiff on January 6, 2026) explicitly stated that "Wilder will update the [November 2023 A]ppraisal in approximately August 202[6] to reflect the value of the [subject] property closer to trial" (Docket Entry 50 at 1), Plaintiff (at that time) failed to disclose "a complete statement of all opinions [Wilder] will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added), "the facts or data considered by the witness in forming the[ undisclosed opinions]," Fed. R. Civ. P. 26(a)(2)(B)(ii), and "any exhibits that will be used to summarize or support the[ undisclosed opinions]," Fed. R. Civ. P. 26(a)(2)(B)(iii).[6] Accordingly, when Plaintiff's deadline to serve

---

5(...continued)
party's explanation for its nondisclosure, relates mainly to the substantial justification exception." Bresler, 855 F.3d at 190.

6 Consistent with that understanding, another court previously gave this analysis of the applicability of Rule 26(a)(2)(B) to appraisal-related, opinion testimony:

> [T]estimony by Mr. Bryant regarding the value of the hospital and surrounding real property and testimony by Mr. Bell regarding the value of the hospital, hospital equipment, and personal property appears to be the type of expert appraisal testimony for which a report under subsection (B) [of Rule 26(a)(2)] is required. Even if these witnesses were called to testify about appraisals that had previously been rendered prior to litigation, [the d]efendants['] intention to introduce such expert testimony on value . . . reasonably requires compliance with Rule 26(a)(2)(B). . . . Obviously, to the extent either witness updates or expands upon his pre-litigation opinions regarding the value of property, compliance with subsection (B) [of Rule 26(a)(2)] is also required.
>
> (continued...)

10

expert disclosures passed (and still 22 days later when Defendants filed the Exclusion Motion), as concerns expert testimony from Wilder, Plaintiff had "fail[ed] to provide information or identify a witness as required by Rule 26(a)," Fed. R. Civ. P. 37(c)(1) (emphasis added).  By operation of Rule 37(c)(1), Plaintiff thus (at least at that point) "[wa]s not allowed to use that information or witness to supply evidence on a motion . . . or at trial, unless the failure was substantially justified or is harmless."  Id.

However, in the Response, Plaintiff took note of Defendants' objection to the "sentence in the [E]xpert [Witness D]isclosure reserving the right to update the [November 2023 A]ppraisal" (Docket Entry 56 at 1), and "withdr[ew] that language" (id.).  Hence, no later than February 11, 2026, Plaintiff – as "[a] party who ha[d] made a disclosure under Rule 26(a)," Fed. R. Civ. P. 26(e)(1) – had "correct[ed that] disclosure," id.[7]  But that correction did not assuage Defendants, who (in their Reply) (A) groused that "Plaintiff completely backtrack[ed] his [E]xpert [Witness D]isclosure, [by] withdrawing the proposed future report"

_____

6(...continued)
Medical Provider Fin. Corp., II v. Southwest Doctors Grp., LLC, No. 2:07CV345, 2008 WL 11451258, at *2 (D. Nev. Nov. 3, 2008) (unpublished) (emphasis added).

7 Plaintiff did not need to serve Defendants with a formal, corrected version of the Expert Witness Disclosure (omitting the language about an update to the November 2023 Appraisal), because (via the Response) that "corrective information ha[d] . . . been made known to [Defendants] during the discovery process [and] in writing," Fed. R. Civ. P. 26(e)(1)(A).

11

(Docket Entry 57 at 2), and (B) insisted that "[t]his eleventh hour reversal nine days before Defendants' February 20, 2026 expert disclosure deadline not only violate[d Plaintiff's] duties in expert discovery under Rule 26, but [also] severely prejudice[d] Defendants' ability to disclose a rebuttal expert and provide a report" (id.). Those lines of argument suffer from several flaws.

First, by withdrawing any forecast of an update to the November 2023 Appraisal, Plaintiff did not "completely backtrack[ from] his [E]xpert [Witness D]isclosure" (id. (emphasis added)). As the Response observes, when "Plaintiff timely disclosed Mr. Wilder as an expert witness pursuant to the Court's Scheduling Order[ Amendment, Plaintiff] attach[ed] Mr. Wilder's complete [November 2023 A]ppraisal . . . ." (Docket Entry 56 at 3.) At that time, Defendants reasonably would have understood that the November 2023 Appraisal constituted a statement of (at least some) opinions Wilder would "express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i), as well as "the facts or data considered by [Wilder] in forming them," Fed. R. Civ. P. 26(a)(2)(B)(ii), and "exhibits that will be used to summarize or support them," Fed. R. Civ. P. 26(a)(2)(B)(iii), even if Wilder intended to "update the [November 2023 A]ppraisal" (Docket Entry 50 at 1). Through the Response, Plaintiff now has made clear that "[t]he November 2023 [A]ppraisal is . . . Wilder's complete expert opinion." (Docket Entry 56 at 1-2.) In other words, (A) from

12

January 6 to February 11, 2026, Plaintiff expressed an intent to rely on the November 2023 Appraisal, as well as an update thereto, and (B) as of February 11, 2026, Plaintiff expressed an intent to rely only on the November 2023 Appraisal. That change by Plaintiff simply does <u>not</u> constitute a "complete[] backtrack[ing from] his [E]xpert [Witness D]isclosure" (Docket Entry 57 at 2).[8]

Second, Defendants have <u>not</u> established that, by correcting the Expert Witness Disclosure on February 11, 2026, to remove the prospect of any update to the November 2023 Appraisal, Plaintiff "violate[d] his duties in expert discovery under Rule 26" (<u>id.</u>). As discussed above, the Exclusion Motion pointed out that (as originally served) Plaintiff's Expert Witness Disclosure failed to comply with the requirement to disclose "a <u>complete</u> statement of <u>all</u> opinions [Wilder] will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i) (emphasis added). In response, Plaintiff promptly corrected that failure by stipulating that the November 2023 Appraisal originally attached to the Expert Witness Disclosure contains all of Wilder's opinions on which Plaintiff will rely, as well as all the bases/reasons and the supporting facts/data/exhibits for those opinions. Given that

---

8 For the same basic reasons, the Court rejects Defendants' assertions that, "[b]y withdrawing the proposed future appraisal, Mr. Wilder's opinions have changed in such a manner that is not proper under Rule 26(e)" (Docket Entry 57 at 3), and that the correction to the Expert Witness Disclosure amounts to the sort of "bad faith and gamesmanship, which courts reject" (<u>id.</u> at 6 (internal quotation marks omitted)).

13

Plaintiff made that correction only 14 days after Defendants brought it to his attention (i.e., eight days fewer than it took Defendants to identify the defect in the Expert Witness Disclosure following its disclosure), the Court deems Plaintiff to have acted "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A).[9]

Third, the record does <u>not</u> support Defendants' assertion that Plaintiff's correction of the Expert Witness Disclosure "severely prejudice[d their] ability to disclose a <u>rebuttal</u> expert and provide a report" (Docket Entry 57 at 2 (emphasis added); <u>see also</u> <u>id.</u> at 5 ("Defendants reasonably believed based on the explicit language of the [Expert Witness D]isclosure that they would have to rebut a[n updated] report submitted in August 2026. They clearly could not do this before the February 20[, 2026] deadline, and accordingly would have had to submit a rebuttal report when it was unclear exactly what opinions they were rebutting.")). To begin, the Court never set a deadline for <u>rebuttal</u> expert reports. (<u>See</u> Text Order dated Sept. 29, 2025 ("adopting [Docket Entry 42] with

_____

9 By correcting the Expert Witness Disclosure on February 11, 2026, Plaintiff also acted well ahead of the deadline for pretrial disclosures under Rule 26(a)(3) of "September 4, 2026" (Docket Entry 48 at 1 (emphasis omitted)), consistent with the mandate that "changes to th[e] information [in an expert report] must be disclosed by th[at] time," Fed. R. Civ. P. 26(e)(2). Moreover, if – prior to filing the Exclusion Motion – Defendants had taken steps beyond a single communication to Plaintiff offering the rough equivalent of two business days book-ending a weekend "to respond with available times to meet-and-confer" (Docket Entry 53 at 3), they might have learned even earlier that he would withdraw his proposal to update the November 2023 Appraisal.

14

[specified] modifications/clarifications," none of which imposed a deadline for <u>rebuttal</u> expert reports); <u>see also</u> Docket Entry 42 at 3 (proposing deadlines for service of initial expert reports from Plaintiff and Defendants under Rule 26(a)(2)(B), but not for rebuttal expert reports as described under Rule 26(a)(2)(D)(ii)); Text Order dated Dec. 15, 2025 (extending deadlines for service of initial expert reports from Plaintiff (to January 6, 2026) and Defendants (to February 20, 2026), without any reference to <u>rebuttal</u> expert reports)). "Absent a stipulation or a court order," Fed. R. Civ. P. 26(a)(2)(D), Defendants remained free to serve an expert report "intended <u>solely to contradict or rebut</u> evidence on the same subject matter identified by [Plaintiff] under Rule 26(a)(2)(B) or (C), <u>within 30 days after [Plaintiff's] disclosure</u>," Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added).

As such, regardless of the content of the Expert Witness Disclosure served by Plaintiff on January 6, 2026 (including the prospect of an update to the November 2023 Appraisal in August 2026), Defendants could have planned to serve (A) their own initial expert report under Rule 26(a)(2)(B) by February 20, 2026, and/or (B) a rebuttal expert report as defined by Rule 26(a)(2)(D)(ii) within 30 days of Plaintiff's service (in August 2026 or any other time) of an update to the Expert Witness Disclosure. Likewise, upon Plaintiff's correction of the Expert Witness Disclosure on February 11, 2026, Defendants could have served (A) their own

15

initial expert report under Rule 26(a)(2)(B) by February 20, 2026, and/or (B) a rebuttal expert report within the meaning of Rule 26(a)(2)(D)(ii) within 30 days (i.e., by March 13, 2026). Under these circumstances, the Court does not find that <u>either</u> Plaintiff's (errant) inclusion in the Expert Witness Disclosure (when served on January 6, 2026) of a statement of intent to update the November 2023 Appraisal <u>or</u> Plaintiff's correction of that error (on February 11, 2026) "caus[ed] severe prejudice to Defendants' ability to participate in expert discovery" (Docket Entry 57 at 2).

Because those arguments by Defendants about the nature and consequences of Plaintiff's correction of the Expert Witness Disclosure (to withdraw the forecast of an update to the November 2023 Appraisal) fall short, no basis exists for the Court to adopt Defendants' position that "Wilder and the November 2023 Appraisal should accordingly be excluded, or, alternatively, Defendants should be afforded extra time to provide a rebuttal witness and report" (<u>id.</u> at 6). Nevertheless, to avoid any doubt, the Court will conduct additional analysis of "substantial[] justifi[cation and ] harmless[ness]," Fed. R. Civ. P. 37(c)(1), utilizing the <u>Southern States</u> factors, to address Defendants' contention that, "[e]ven with [Plaintiff's] withdrawal of [reliance on ] Wilder's [issuance of a] future report [updating the November 2023 Appraisal], the *Southern States* factors . . . still support exclusion" (Docket Entry 57 at 6). <u>But see</u> <u>Wilkins</u>, 751 F.3d at

16

222 (holding that "district court[s are] not required to tick through each of the *Southern States* factors" (emphasis omitted)).

Starting with the last (and only substantial justification-related) factor, i.e., Plaintiff's "explanation for [his] failure to [timely] disclose," Southern States, 318 F.3d at 597, "a complete statement of all opinions [Wilder] will express," Fed. R. Civ. P. 26(a)(2)(B)(i), the Response states that "the [Expert Witness D]isclosure included th[e] language [forecasting an update to the November 2023 Appraisal] in anticipation of [Defendants] argu[ing] . . . that the proper measure of damages requires a current property value rather than one at the time of breach" (Docket Entry 56 at 9). Although the Court understands as a logical matter why Plaintiff wanted to hedge against such an argument, he has provided no authority construing Rule 26(a)(2)(B) to allow such hedging in an expert report (see id.) and the plain language of that rule provision makes no such allowance, see Fed. R. Civ. P. 26(a)(2)(B)(i). As a result, the Court concludes that Plaintiff's "explanation," Southern States, 318 F.3d at 597, which "relates mainly to the substantial justification exception," Bresler, 855 F.3d at 190, does not carry his "burden of establishing that [exclusion exception]," id.

Turning to the first two of the four, harmlessness-related factors that inform the exclusion analysis under Rule 37(c)(1), (1) "the surprise to [Defendants]," Southern States, 318 F.3d at

17

597, and (2) "the[ir] ability . . . to cure the surprise," id., Defendants have repeated their contention that, by withdrawing the Expert Witness Disclosure's statement that Wilder would update the November 2023 Appraisal, "Plaintiff has completely changed the nature of [] Wilder's opinions" (Docket Entry 57 at 6). As detailed above, the record evinces no such "complete[] change[]" (id.). Regardless, (A) as Defendants' brief supporting the Exclusion Motion acknowledges, "[t]his Court . . . ha[s ] treated prejudice and surprise synonymously when analyzing the first [Southern States] factor" (Docket Entry 54 at 5 (citing, as example, Barnhill v. Accordius Health at Greensboro, LLC, No. 1:22CV322, 2023 WL 7634449, at *16 (M.D.N.C. Nov. 14, 2023) (unpublished))), and (B) as the Response explains, "[w]ith that reservation [of an update to the November 2023 Appraisal] withdrawn, there is . . . no prejudice" (Docket Entry 56 at 2).

In that regard, "Defendants have had the full [November 2023 Appraisal] since January 6, 2026[ and, on February 9, 2026,] ha[d already] subpoenaed Mr. Wilder for deposition . . . ." (Id. at 8.) Defendants thus could have served an initial expert report under Rule 26(a)(2)(B) by their deadline of February 20, 2026, and/or could have served a rebuttal expert report within the meaning of Rule 26(a)(2)(D)(ii) by the default deadline for such reports of March 13, 2026 (i.e., within 30 days of Plaintiff's correction of the Expert Witness Disclosure). Lastly (respecting the Southern

18

<u>States</u> factors of surprise and cure), the Court cannot credit Defendants' contention (in their Reply) that Plaintiff's withdrawal of his proposal to update the November 2023 Appraisal "required [them] to find and retain a rebuttal expert and produce a rebuttal report" (Docket Entry 57 at 7). That contention marks an abrupt about-face from Defendants' prior statement (in the brief supporting the Exclusion Motion) that – despite Plaintiff's disclosure (on January 6, 2026) of the November 2023 Appraisal as an expert opinion from Wilder on which Plaintiff would rely (albeit subject to updating) – "Wilder's November 2023 [A]ppraisal [wa]s not at issue in this case, and therefore will not (nor [sic] could not) be rebutted by an expert for Defendants" (Docket Entry 54 at 2; <u>see also</u> <u>id.</u> at 6 ("Defendants will not, nor [sic] cannot, rebut the November 2023 appraisal, which has no bearing on this lawsuit.")). Defendants have not explained how, when they filed the Exclusion Motion on January 28, 2026, "Wilder's November 2023 [A]ppraisal . . . could not[] be rebutted by an expert for Defendants" (<u>id.</u> at 2), but, when they filed the Reply on February 13, 2026, that same November 2023 Appraisal "required [them] to find and retain a rebuttal expert and produce a rebuttal report" (Docket Entry 57 at 7). (<u>See</u> <u>id.</u>) In sum, the first two <u>Southern States</u> factors favor a finding of harmlessness under Rule 37(c)(1).

Because (for reasons just discussed) Plaintiff's withdrawal (on February 11, 2026) of the statement in the Expert Witness

Disclosure that Wilder would update the November 2023 Appraisal neither prejudiced Defendants nor required any curative measures by the Court, no need exists to delay the trial; therefore, the next harmlessness-related factor, i.e., "the extent to which allowing [Plaintiff to rely on the corrected Expert Witness Disclosure] would disrupt the trial," Southern States, 318 F.3d at 597, also supports the view that the initial ambiguity about the extent of his reliance on the November 2023 Appraisal "[wa]s harmless," Fed. R. Civ. P. 37(c)(1). The foregoing analysis leaves for consideration only the factor concerning "the importance of the evidence," Southern States, 318 F.3d at 597. Plaintiff has characterized "the [November 2023 A]ppraisal [a]s central to [his] damages, [but has conceded that] importance 'must be viewed from the perspective of both parties.'" (Docket Entry 56 at 8 (quoting Southern States, 318 F.3d at 597).) Defendants, for their part, have posited that "this factor is neutral in the exclusion analysis." (Docket Entry 57 at 8.) The Court will adopt Defendants' position and will treat this factor as neutral.

On balance then, three of the four Southern States factors pertinent to the question of harmlessness weigh in favor of a finding that Plaintiff's failure to timely disclose "a complete statement of all opinions [Wilder] will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i), "[wa]s harmless," Fed. R. Civ. P. 37(c)(1). Based on that conclusion (and

20

for all the reasons discussed), the Court rejects Defendants' request for Wilder's "exclu[sion] as an expert witness along with his November 2023 [A]ppraisal, or, alternatively, . . . [a] reopened [period] to allow Defendants to designate their own rebuttal expert witness" (Docket Entry 57 at 12), as well as their claim of "entitle[ment] to their reasonable attorneys' fees incurred in connection with the [Exclusion] Motion" (id.).[10]

<u>CONCLUSION</u>

The version of the Expert Witness Disclosure Plaintiff originally served on Defendants failed to disclose "a complete statement of all opinions [Wilder] will express and the basis and reasons for them," Fed. R. Civ. P. 26(a)(2)(B)(i); however, Plaintiff has carried his "burden of establishing that the nondisclosure . . . was harmless," <u>Bresler</u>, 855 F.3d at 190.

---

10 At one point, the Reply argues that Defendants' "[s]cheduling [of Wilder's] deposition out of an abundance of caution . . . should not waive [their] right to challenge the <u>validity</u> of [his] opinion . . . ." (Docket Entry 57 at 7 (emphasis added).) Elsewhere in the Reply, Defendants argued that (A) "[t]he entire basis of Plaintiff's withdrawal of the [update to the November 2023 A]ppraisal . . . is the breach-date valuation of property damage" (<u>id.</u> at 9 (citing Docket Entry 56 at 4-6, 9-10); <u>see also</u> <u>id.</u> (discussing <u>Feierstein v. North Carolina Dep't of Env't & Nat. Res.</u>, 211 N.C. App. 194, 195-96, 712 S.E.2d 343, 344-45 (2011))), but that (B) "Plaintiff does not even adhere to his own damages theory" (<u>id.</u> at 10). Those arguments about the merits of Wilder's opinion and/or its applicability to the facts of this case do <u>not</u> warrant exclusion under Rule 37(c)(1); to the contrary, "[i]f further analysis of the value or admissibility of [Plaintiff's expert] evidence is required, such a determination is better made by the presiding judge closer to trial." <u>Pascoe v. Furniture Brand Int'l, Inc.</u>, No. 3:10CV193, 2011 WL 475003, at *3 (W.D.N.C. Feb. 4, 2011) (unpublished).

21

**IT IS THEREFORE ORDERED** that the Exclusion Motion (Docket Entry 53) is **DENIED**.

/s/ L. Patrick Auld<br>
**L. Patrick Auld**<br>
**United States Magistrate Judge**

April 24, 2026